IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

LARRY SULLIVAN,

                Defendant.

ORDER

11-cr-79-bbc

Larry Sullivan, through counsel, has filed a motion for compassionate release under the FIRST STEP Act. Section 603(b) of the Act amends 18 U.S.C. § 3582(c)(1)(A) to permit an inmate to move the sentencing court for compassionate release, provided that the inmate has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to make a such motion, or if 30 days has lapsed from the receipt of such a request by the warden, whichever is earlier.

Larry Sullivan contends that due to the risk of Covid-19 infection, his medical condition provides extraordinary or compelling reasons to grant release. The court recognizes that all such requests are urgent and the concerned parties will work expeditiously to resolve them. The court requires additional information to determine whether defendant Sullivan has exhausted his administrative remedies and if there are extraordinary or compelling reasons to grant release.

Accordingly, defendant Sullivan is ordered to provide to the court and the U.S. Probation Office the following information:

> 1) Verification that inmate has exhausted all administrative rights to appeal or is in the process of such appeal. (The Bureau of Prisons' website has contact information and an email address for the executive assistant at each facility.)

2) Medical records documenting the inmate's medical condition and required level of care;

3) A proposed release plan, including the address of the residence; family contact information; mode of transportation from prison to the proposed residence; and medical care needed, the provider of care in the community, and the source of funding, should the inmate be released. (The court will consider whether treatment in the community will match care in the Bureau of Prisons, considering that community medical facilities may be providing only emergency care during the Covid-19 pandemic.)

The inmate and counsel are responsible for providing this information to the court. The U.S. Probation Office may assist counsel with obtaining information and documentation from the Bureau of Prisons. And the court, if requested, will issue an order to the warden of the inmate's facility to facilitate process. But the ultimate responsibility for providing this information belongs to the inmate petitioning for release.

Upon receipt of the required information, the U.S. Probation Office is ordered to complete a pre-release investigation and submit a letter of findings to the court, the parties, and to the Bureau of Prisons.

Once the Probation Office has submitted its findings, the government has five days to respond to the motion for compassionate release. Defendant's Sullivan's reply, if any, is due the following day. The court will schedule a prompt hearing (by telephone or videoconference) if necessary.

Entered May 18, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

2