IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                     OPINION AND ORDER

            Plaintiff,

                                     11-cr-79-bbc

    v.

LARRY SULLIVAN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 16, 2020, I denied defendant Larry Sullivan's motion for compassionate release, finding that his continuing incarceration at the Federal Correctional Institution–Elkton in Ohion did not present a compelling and extraordinary reason for his immediate release because the potential threat that COVID-19 posed to his health at the prison had "declined significantly." Dkt. #97. Defendant has moved for reconsideration of that order, arguing that the court incorrectly concluded that the conditions at FCI–Elkton had improved and relied on unsupported information that the Bureau of Prisons included in its COVID report about its efforts to contain the virus. Dkt. ##98-99. (A recent count of the number of prisoners testing positive for COVID-19 at FCI–Elkton was 174; nine prisoners have died so far and 834 prisoners have recovered. See COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 22, 2020). This means that 1,008 of the institution's 2,212 inmates have been infected at some point.)

1

Defendant is 41 years old but has a number of serious health conditions, including morbid obesity, sleep apnea, type 2 diabetes and asthma, which can increase the risk for serious illness from COVID-19, according to information disseminated by the Centers for Disease Control and Prevention on July 17, 2020. He is also prescribed prednisone, which he says interferes with his immune system because it is a steroid. Defendant has completed 107 months of the 168-month sentence imposed on him on February 12, 2012, and he has a projected release date of October 8, 2023.

After reconsidering the above, I agree with defendant that the conditions at FCI–Elkton are serious and that defendant's medical condition combined with the COVID-19 pandemic represent compelling and extraordinary reasons for a reduced sentence. However, as the government argued in its brief in response to defendant's initial motion for compassionate release, the ultimate barrier to defendant's release is that it may not be possible to say that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2) (court may reduce term of imprisonment if after considering factors in 18 U.S.C. § 3553(a), it determines that defendant not danger to safety of any other person or community, as provided in 18 U.S.C. § 3142(g)). The government believes that defendant's continual involvement in controlled substances offenses is a threat to the community, particularly because:

- Defendant's criminal history includes convictions for attempted theft, carrying a firearm, disorderly conduct involving domestic abuse, simple assault, possession of marijuana, two separate convictions for delivering cocaine base, delivering marijuana, and numerous traffic infractions.

- As this court noted at defendant's sentencing hearing, defendant has poor

      compliance with state supervision, which included the defendant's selling cocaine base while awaiting sentencing for a drug offense and throughout his term of state probation. Defendant also was on state supervision when he was involved in the federal offense.

- Defendant is a career offender who received a significantly increased sentence as a result.

It may be that defendant has left behind all aspects of his prior criminal tendencies in the nine years he has spent in prison, but his criminal history and status as a career offender suggest otherwise. (Apart from submitting a copy of his inmate profile, dkt. #86-4, defendant has not discussed his prison disciplinary record or participation in rehabilitative programming.) Because defendant did not have the opportunity to respond to the question whether he remains a danger to the safety of any other person or to the community, I will give him until July 31, 2020, in which to be heard on this issue, if he wishes. If the government wishes to reply, it must file its brief no later than August 7, 2020.

## ORDER

IT IS ORDERED that the ruling on defendant Larry Sullivan's motions for reconsideration, dkt. ##98-99, is STAYED pending further briefing. Defendant shall have until July 31, 2020 to submit a response to the government's argument that he remains a

danger to safety of any other person or to the community.  The government shall have until August 7, 2020 to reply.

Entered this 23d day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge